UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELSEA BROOKE SCHNETZLER, | No.  2:25-cv-01605-CKD |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act").  For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and remand for further proceedings, and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1990, applied on May 9, 2022 for DIB, alleging disability beginning June 12, 2021.  Administrative Transcript ("AT") 11, 20.  Plaintiff alleged she was unable to work due to systemic lupus erythematosus.  AT 80.  In a decision dated May 21, 2024, the ALJ

/ / /

/ / /

1

determined that plaintiff was not disabled.[1] AT 11-22. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2024.
>
> 2. The claimant has not engaged in substantial gainful activity since June 12, 2021, the alleged onset date.
>
> 3. The claimant has the following severe impairments: systemic lupus erythematosus (SLE), inflammatory arthritis, postural orthostatic tachycardia syndrome (POTS), premature ventricular contractions (PVCs), gastroparesis, attention deficit hyperactivity disorder (ADHD), generalized anxiety disorder (GAD), posttraumatic stress disorder (PTSD), and major depressive disorder (MDD).

---

[1]    Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
>
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
>
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
>
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except that she can no more than occasionally climb ladders, ropes, scaffolds, ramps or stairs, balance, stoop, kneel, crouch, or crawling. The claimant is further limited to simple and repetitive tasks in a routine work setting.

6. The claimant is capable of performing past relevant work as a cashier and as a vending machine attendant. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.[2]

7. The claimant has not been under a disability, as defined in the Social Security Act, from June 12, 2021, through the date of this decision.

AT 13-22.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled: (1) the ALJ erred in discounting plaintiff's subjective symptom testimony; and (2) the ALJ erred in evaluating the medical opinion of the psychological consultative examiner.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

---

[2] The ALJ found that, in addition to past relevant work, there are other jobs the claimant could also perform considering her RFC, age, and other qualities. Relying on the testimony of the vocational expert (VE), the ALJ found she could perform unskilled, light jobs such as parts assembler, sorter, and hotel housekeeper. AT 20-21.

"The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

    A. Subjective Symptom Testimony

    1. Plaintiff's Testimony

At the April 2024 hearing on her claim, plaintiff testified in part that she experienced "debilitating fatigue" and had to nap for two hours a day. AT 43, 51. She testified that, after standing up for ten minutes, she had to lie down for a few minutes and rest. AT 52; see also AT 242-244 (August 2022 adult function report noting daily fatigue and pain). During episodes of tremors caused by POTS, which occurred about once a month, plaintiff spent "upwards of a week having to be flat in bed, not . . . able to be mobile." AT 42-43. Plaintiff also testified that she had swelling in her hands "where it's very tight and I can't . . . make a fist." AT 47.

The ALJ summarized plaintiff's symptom allegations as follows:

> The claimant cannot work due to [POTS], lupus, connective tissue disorder, migraines, [ADHD], and gastroparesis. Her POTS causes episodes of vision and hearing loss, rapid heart rate, shortness of breath, pain, fatigue, and tremors, which occur when she is upright and can be relieved by lying flat. Episodes of POTS symptoms occur once a month and last for a week or longer, during which time she must remain lying down in order to avoid her symptoms. . . . The claimant's lupus and connective tissue disease cause symptoms of rashes, fatigue, and joint pain, particularly in her knees, elbows, shoulders, and hips. She has constant pain every day, which is helped by only rest. . . . She has symptoms of swelling and tightness in her

4

> hands. The claimant suffers from migraines about once a month, lasting about a week at a time. During severe migraines, she must remain in a dark room and cannot function. . . . The claimant's gastroparesis causes symptoms of severe stomach pain and nausea. The claimant's mental health problems cause symptoms of depression, fatigue, and drowsiness.

AT 17; see AT 40-53 (hearing testimony).

The ALJ found that plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence of record[.]" AT 17. He elaborated as follows:

> Overall, the evidence supports a finding that the claimant's physical impairments would limit her to work at a light exertional level with . . . additional postural activities[.] However, in contrast with the claimant's allegations, the medical evidence does not indicate that the claimant's symptoms would cause the claimant to lie down frequently or for long periods during the workday, to take naps or frequent rest breaks during the day, or to have difficulty using her hands.

AT 18 (emphasis added).

2. Legal Standard

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); see also Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of an impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication,

treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  Work records, physician and third party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration by the ALJ in determining whether the alleged associated pain is not a significant nonexertional impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).

When discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so."  Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert, 980 F.3d at 1277–78.  This standard does "not require ALJs to perform a line-by-line exegesis of the claimant's testimony[.]"  Lambert, 980 F.3d at 1277.  However, an ALJ's detailed overview of the claimant's medical history—coupled with a nonspecific boilerplate conclusion that her testimony is "not entirely consistent" with her medical treatment—is not enough to satisfy the minimal requirements for assessing credibility.  Id. at 1277–78.

3.  Discussion

Here, the ALJ found objective medical evidence of multiple severe impairments, including POTS. AT 13. "The primary symptoms of POTS are lightheadedness, fainting, a rapid increase in heartbeat, chest pain, exhaustion, high/low blood pressure, nausea, blurred vision, diarrhea, forgetfulness, headaches, and many others." Agans v. Saul, No. 2:20-cv-00508 AC, 2021 WL 1388610, *12 (E.D. Cal. Apr. 13, 2021). At an August 2023 exam, the ALJ noted, the examining neurologist wrote that plaintiff's "presentation is consistent with POTS." AT 18, 1584.

The ALJ explained why he did not find plaintiff's testimony about swelling in her hands fully credible:

> While the claimant testified at the hearing that she has symptoms of swelling and tightness in her hands, examinations of her hands were consistently normal, showing no deformities and an ability to make

6

a full fist with both hands.

AT 18 (record citations omitted).

However, the ALJ did not explain why he found plaintiff's testimony about "debilitating fatigue" less than credible. The ALJ did not cite, for example, any unexplained failure to seek treatment or follow a prescribed course of treatment for this symptom. Nor did he explain how plaintiff's daily activities undercut her testimony that she needed to lie down frequently each day and for approximately one week per month.  Nor did the ALJ reason that plaintiff's symptoms of fatigue were adequately controlled with medication. Rather, the ALJ cited plaintiff's "largely normal" mental and physical examinations without connecting them to her alleged fatigue. AT 18, 19.

Defendant argues that the ALJ's reliance on medical opinions finding plaintiff capable of light work is sufficient to discount her allegations of disabling fatigue. Under Lambert, however, the ALJ's conclusory finding that "the medical evidence does not indicate that the claimant's symptoms would cause [her] to lie down frequently or for long periods . . . [or] to take naps or frequent rest breaks" is not legally sufficient to disregard these alleged symptoms, which are not uncommonly associated with POTS.

Moreover, "lack of supporting medical evidence cannot form the sole basis for discounting . . . symptom testimony." Blasl v. O'Malley, No. 1:22-cv-01374-BAM, 2024 WL 584075, *7 (E.D. Cal. Feb. 13, 2024); see Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005); see also Robbins v. Comm'r of Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006) (holding ALJ may not disregard claimant's testimony "solely because it is not substantiated by objective medical evidence"); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) ("an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of the [symptoms]."). Plaintiff is entitled to summary judgment on this claim.[3]

////

////

---

[3] The court does not reach the remaining claim.

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler, 775 F.3d at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether the claimant was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed, including asking a vocational expert hypothetical questions about available jobs based on a revised RFC. The court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find plaintiff disabled during the entirety of the relevant period; may find plaintiff eligible for some type of closed period of disability benefits; or may find that plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 9) is GRANTED;

2. The Clerk of Court shall enter judgment for plaintiff; and

3. This matter is remanded for further proceedings in accordance with this order.

Dated:  June 4, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/schn1605.dib.ckd